[No. D003012. Fourth Dist., Div. One. Jan. 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL LAMB, Defendant and Appellant.

## Counsel

Leif F. Tessem, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**WIENER, J.**—Michael Lamb appeals from the judgment convicting him on 11 counts of first degree burglary (Pen. Code, § 459)[1] and 1 count of stealing a firearm. Lamb claims that we must reduce his burglary convictions to second degree because the trial court failed to determine the degree of the crime before sentencing him contrary to the provisions of section 1192.[2] We reject his argument and affirm the judgment.

---

[1]All statutory references are to the Penal Code unless otherwise specified.

[2]Section 1192 provides: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

*Procedural Background*

An amended 12 count complaint charged Lamb in count 2 with stealing a firearm (§ 487, subd. 3) and in the remaining counts with burglarizing an inhabited residence (§ 459). At a readiness conference before his municipal court arraignment Lamb signed a change of plea form stating "he desires to plead guilty to 11 Cts of 459 residential; 1 Ct of 487.3 [*sic*]" and acknowledged "he violated the aforementioned crimes of 459, 487.3 [*sic*] by entering inhabited residences with the intent to commit theft; stealing a firearm." He understood the "maximum punishment which could be imposed as a result of a plea of Guilty [was] 16 years. . . ." Lamb was willing to plead guilty because the prosecutor had promised a "8 year, 8 month lid. [Defendant] not precluded from arguing CYA."

The court's minutes reflect Lamb's plea of guilty to "P.C. 459 1st × 11; 487.3 [*sic*], felony charges. Defendant waives 1538.5 rights. 8 year, 8 month lid." The probation report says Lamb was convicted of "459 P.C. 1st Degree Burglary—11 Counts."

The court sentenced Lamb to prison for the stipulated "8 year, 8 month lid": the upper term of six years on count 1 and consecutive terms of sixteen months on counts 3 and 4. The court stayed execution of a two-year term on count 2 pursuant to section 654 and ordered the middle-term of four years on each of the remaining counts to be served concurrently. The abstract of judgment states each of Lamb's burglary convictions was in the first degree.

*Discussion*

 Section 1192 requires that upon a plea of guilty of a crime divided into degrees, the court must determine the degree of the crime before passing sentence. If the court fails to do so the defendant is deemed guilty of the lesser degree. Here, the court's failure to comply with section 1192 would require a reduction of Lamb's first degree burglary convictions to second degree.

Section 1192 and its counterpart for jury verdicts, section 1157, have been strictly and literally applied in favor of defendants (*People* v. *Williams* (1984) 157 Cal.App.3d 145, 154-155 [203 Cal.Rptr. 562]) to occasionally reach results which have been described as a triumph of form over substance. (*People* v. *Johns* (1983) 145 Cal.App.3d 281, 295 [193 Cal.Rptr. 182].) The frustration with form arises because the appellate court may not imply the degree of the crime from some other factual findings even though the logical reasoning process would leave no room for doubt on the degree of crime to which the defendant was found to be guilty or pleaded guilty.

(See *People* v. *Flores* (1974) 12 Cal.3d 85, 93-95 [115 Cal.Rptr. 225, 524 P.2d 353]; *People* v. *Williams, supra,* 157 Cal.App.3d 145, 153-155; regarding § 1157, see *People* v. *McDonald* (1984) 37 Cal.3d 351, 379-383 [208 Cal.Rptr. 236, 690 P.2d 709].)

Sections 1157 and 1192, however, have a rational underpinning. In both a plea and trial context there must be an express finding on the degree of the crime to avoid the defendant being placed at risk that the degree of the crime will be increased after judgment. Modification of a criminal judgment is contrary to the strong policy which prohibits judicial action following judgment except to permit the correction of clerical errors. (See *People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].) The statute also assists in resolving ambiguities or uncertainties in the form of the verdict or plea. Without sections 1157 or 1192 a conviction based on a plea of guilty to burglary without any statement as to the degree of the crime requires expenditure of unnecessary time and effort to unravel the meaning of that plea. Our courts have also recognized the dangers inherent in after-the-fact efforts to set the degree of crime by implication. (See *People* v. *Williams, supra,* 157 Cal.App.3d 145.) The decision to favor defendants under such circumstances by designating the crime one of second degree is a legislative response to correct judicial oversight.

Thus, section 1192 was enacted to cover the situation where the defendant's guilty plea fails to specify the degree of the offense. We would have that situation here had Lamb pleaded guilty to burglary without further specification. But those are not the facts before us. Our detailed recitation of the procedural steps leading up to Lamb's guilty plea highlights Lamb's entry of a plea to first degree burglary and knowledge throughout that he was to be convicted of first degree burglary. A statement to the latter effect is contained in every court document which is part of this record. In light of these documents which state Lamb's convictions of burglary are in the first degree, no implication on our part is necessary to determine the degree of his crimes. Section 1192 does not require reducing Lamb's convictions to second degree burglaries.

*Disposition*

Judgment affirmed.

Kremer, P. J., and Staniforth, J., concurred.