[No. D002765. Fourth Dist., Div. One. Apr. 4, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RAFAEL VALENZUELA ANAYA, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, IV, V and VII.

COUNSEL

Linda R. Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert M. Foster and William M. Wood, Deputy Attorneys General for Plaintiff and Respondent.

OPINION

**KREMER, P. J.**—A jury convicted Rafael Anaya of two residential burglaries. (Pen. Code,[2] § 459.) The court found Anaya's two prior burglary convictions were serious felonies. (§ 667.) The court sentenced Anaya to 14 years in prison, including two 5-year enhancements for his prior felony convictions. Anaya appeals.

I

On August 2, 1984, numerous items including a video recorder, televisions, jewelry and cash were stolen from the residence of Willy DeWinter and John McCarthy. The police lifted fingerprints identified as Anaya's from a glass table top.

On August 13, 1984, the residence of Deputy Sheriff Harold Ross was burglarized. Missing property included a video cassette recorder, jewelry, watches, three handguns, a shotgun, ammunition, a camera, a clock radio and a cable television control box. Later the same day Irene Munoz saw Anaya with four guns, videos, a watch and a clock radio. One of the guns was a shotgun with the word "sheriff" and a name printed on it.

---

[2]All statutory references are to the Penal Code unless otherwise specified.

On August 14, 1984, the police stopped Silvestre Naranjo on his bicycle. Naranjo was carrying two cable television control boxes. Naranjo told the police he bought the boxes from Anaya at the home of Irene and Joseph Munoz. The police arrested Naranjo.

Later that day Police Officer Cunningham went to the Munoz house. Irene Munoz told Cunningham Anaya slept in a shack attached to the house. She gave Cunningham permission to search the house and shack. Cunningham recovered numerous items stolen in the DeWinter-McCarthy and Ross burglaries. Irene identified Anaya in the park across the street. Cunningham arrested him.

## II*

. . . . . . . . . . . . . . . . . . . . . . .

## III

The jury returned one verdict form for each count. Each verdict form recited: "We, the jury in the above entitled cause, find the defendant RAFAEL VALENZUELA ANAYA guilty of the crime of Burglary in violation of Penal Code Section 459 . . . . And we further find that the Burglary was committed upon an inhabited building and a residence."

Anaya contends each conviction must be reduced to second degree burglary because the jury did not expressly determine the degree of either crime. We reject this argument and affirm the first degree convictions.

Section 1157 provides: "Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Section 1157 and its counterpart for guilty pleas and court verdicts, section 1192, have been strictly and literally applied in favor of defendants to reach results occasionally elevating form over substance. (*People* v. *Williams* (1984) 157 Cal.App.3d 145, 153 [203 Cal.Rptr. 562]; *People* v. *Lamb*

---

*See footnote 1, *ante,* page 828.

(1986) 176 Cal.App.3d 932, 934 [222 Cal.Rptr. 570].[3]) ▉ The statute protects defendants from the risk the degree of the crime will be increased after judgment. (*Id.* at p. 935.) "[T]he key is not whether the 'true intent' of the jury can be gleaned from circumstances outside the verdict form itself; instead, application of the statute turns only on whether the jury specified the degree in the verdict form." (*People* v. *McDonald* (1984) 37 Cal.3d 351, 382 [208 Cal.Rptr. 236, 690 P.2d 709].)

▉ Section 460 reads: "1. Every burglary of an inhabited dwelling house . . . or the inhabited portion of any other building, is burglary of the first degree. [¶] 2. All other kinds of burglary are of the second degree." Subdivision (1) of section 460 has two parts: a substantive definition and a label for that definition. On each verdict form here, the jury returned a finding in the substantive language of section 460 "the burglary was committed upon an inhabited building and a residence." The jury should not be faulted for having used the long form rather than the label. There is nothing uncertain or ambiguous in the jury's findings. The jury's findings here differ from an enhancement or other special finding on a separate form. The purpose of the jury's findings here was precisely to set the degree of the crimes.[4]

We need not look beyond the verdict forms to discover the jury's "true intent"; the forms themselves clearly show the jury found Anaya guilty of burglaries in the first degree.

### IV-V*

. . . . . . . . . . . . . . . . . . . . . . . .

### VI

The court here imposed two 5-year sentence enhancements for Anaya's prior convictions in San Diego Superior Court case numbers CR 54384 and CR 58334. Anaya attacks such enhancements as improper. We disagree.

---

[3]In *Lamb* at pages 934-935, we held section 1192 did not require reducing the defendant's burglary convictions to second degree where the record showed the defendant knew he was to be convicted of first degree burglaries when he pleaded guilty to eleven counts of "459 residential . . . by entering inhabited residences with the intent to commit theft . . . ."

[4]Compare cases where the purpose of additional findings was other than setting the degree of the crime: *People* v. *Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905] (finding defendant was armed for purposes of § 1203); *People* v. *Thomas* (1978) 84 Cal.App.3d 281 [148 Cal.Rptr. 532] (firearm use finding under § 12022.5); *People* v. *Williams, supra,* 157 Cal.App.3d 145 (special circumstance findings under § 190.2).

*See footnote 1, *ante,* page 828.

In May 1981 the People filed an information in CR 54384 charging Anaya with unlawfully entering a building in April 1981 with intent to commit theft (§ 459) and further alleging such burglary was committed upon a inhabited building. In July 1981 Anaya pleaded guilty in CR 54384 to violating section 459. In his change of plea form, Anaya admitted he violated section 459 "by unlawfully entering an inhabited building with the intent to commit theft and did in fact take a television set." At the change of plea hearing, the court asked Anaya: "On the date and at the time indicated in the Information that was just read to you is it true that you unlawfully entered an inhabited building with intent to commit theft and did, in fact, take a television set, and this was during the daytime; is that correct?" Anaya said yes.

In April 1982 the People filed a complaint in San Diego Municipal Court case number F72642 charging Anaya by his alias with unlawfully entering a building in April 1982 with the intent to commit theft (§ 459) and further alleging such burglary was committed upon an inhabited building. In April 1982 Anaya pleaded guilty in F72642 to violating section 459. In his change of plea form, Anaya admitted "breaking and entering a dwelling house in the daytime with the intent to steal." At the change of plea hearing, the court asked Anaya: "And did you go into somebody's house without their permission in order to try to find some money?" Anaya said yes. Anaya was sentenced for such burglary in the superior court under case number CR 58334.

Section 667, subdivision (a), enacted as part of Proposition 8 in 1982, reads: "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . ." Section 667, subdivision (d), defines "serious felony" by referring to section 1192.7, subdivision (c). Under section 1192.7, subdivision (c)(18), "burglary of a residence" is a "serious felony."

*People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] established two principles relevant to proving a prior serious felony conviction under section 667, subdivision (a): ". . . (1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime. . . ." (*People* v. *Jackson* (1985) 37 Cal.3d 826, 834 [210 Cal.Rptr. 623, 694 P.2d 736].) In *Jackson,* the court upheld

a five-year enhancement under section 667 where the defendant admitted his prior burglary conviction antedating Proposition 8 involved a residence.

Here the People did not go behind the record to prove Anaya's prior burglary convictions involved residences. The court here had before it the records of Anaya's prior convictions in CR 54384 and CR 58334. In each case the charging pleading, the change of plea form and the reporter's transcript of the change of plea hearing showed the residential character of the burglary.

The records of Anaya's prior convictions clearly show Anaya pleaded guilty to two burglary charges and admitted residential allegations. However, relying on *Crowson* and *Jackson,* Anaya contends the court erred in using his two prior burglary convictions to enhance his sentence under sections 667, subdivision (a) and 1192.7, subdivision (c)(18).[8] He asserts the residential character of such prior burglaries was not an element of the crimes for which he was convicted and the residential allegations he admitted when pleading guilty were mere superfluous surplusage. We reject Anaya's contention.

The rationale for the principle proof of a prior conviction establishes only the minimum elements of the crime and not additional, superfluous allegations is the defendant's lack of reason or incentive to challenge such immaterial surplusage. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 834; *People* v. *Crowson, supra,* 33 Cal.3d at p. 634.) However, when pleading guilty in CR 54384 and CR 58334, Anaya had reason to contest the residential allegations. Such allegations were not immaterial surplusage. At the time Anaya pleaded guilty and admitted residential allegations in CR 54384 and CR 58334, the court was prohibited absent unusual circumstances from granting probation to a defendant convicted of felony burglary of a residence. (§ 462, eff. Jan. 1981.) Although section 462 gave Anaya reason to contest the residential allegations in 1981 and 1982, he did not do so.[9]

---

[8] The abstracts of judgment in CR 54384 and CR 58334 show in each case Anaya was convicted of second degree burglary. Until 1983, section 460 defined first degree burglary as "[e]very burglary of an inhabited dwelling house . . . in the night time . . . ." With few exceptions, all other burglaries were of the second degree. Therefore a second-degree burglary conviction might have involved a residence.

[9] Our finding the residential allegations in burglaries antedating Proposition 8 were not immaterial surplusage under the circumstances here is consistent with the reasoning in *Jackson.* The court in *Jackson* said a residential allegation in a post-Proposition 8 case is not superfluous: "Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (*People* v. *Jackson, supra,* 37 Cal.3d at p. 836, fn. 14.)

Further, the record shows Anaya was aware admitting such residential allegations was not an idle act. (*People* v. *Jackson, supra,* at p. 835.) During the change of plea hearing in CR 54384 in 1981, the court asked Anaya: "And do you understand that this offense occurred after January 1st, 1981; do you understand that?" Anaya said yes. The court said: "Do you understand that there is a statement in Section 462(a) of the Penal Code that indicates to the Court that probation should not be granted to a person who commits a burglary of an inhabited dwelling except in unusual circumstances; do you understand that?" Anaya said yes. The court then asked Anaya: "So do you understand it would be only in the event your case would be found to be the unusual circumstance case within the meaning of Penal Code Section 416 that there would be any possibility of any grant of probation for you; do you understand that?" Anaya said yes.

The court properly imposed two 5-year sentence enhancements for Anaya's prior serious felony convictions.

VII*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Staniforth, J., and Wiener, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 10, 1986.

---

*See footnote 1, *ante,* page 828.