Opinion
CROSBY, J.
Ruben Felix Preciado has, it appears, selected a career. He was found guilty of first degree burglary with four similar prior convictions and sentenced to twenty-four years in prison. Defendant claims insufficient evidence supports the conviction or, failing that argument, it must be reduced to the second degree because the jury failed to specify the degree of the burglary. We think not.[1]
I
Preciado left his fingerprint on a wristwatch box found in a burgled Fountain Valley condominium. The owner did not know him; the box, which held a watch the victim received as a gift 18 months earlier, had never left his home. As the Supreme Court stated in People v. Gardner (1969) 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575], “Fingerprint evidence is the strongest evidence of identity, and is ordinarily sufficient alone to identify the defendant.” And it was here. (People v. Reza (1984) 152 Cal.App.3d 647, 656 [199 Cal.Rptr. 664].)
Preciado relies on Borum v. United States (D.C. Cir. 1967) 380 F.2d 595. There, the court of appeals reversed a conviction for housebreaking even though four of defendant’s fingerprints were found on glass jars that had been emptied of a “valuable coin collection” during the burglary and testimony placed defendant within two miles of the victim’s home at the approximate time of the entry: “The Government’s evidence shows that [defendant] touched the . . . jars in question. But there is no evidence . . . which indicates that he touched the jars in the course of a housebreaking . . . . Indeed, one of the Government’s own witnesses testified that [defendant’s] fingerprints could have been on the jars ‘indefinitely.’ And another agreed [they] could have been on the jars ‘for a period of years.’ The Government introduced no evidence which could account for, or even suggest an inference about, the custody or location of the jars during that period. [¶] Of course, the jury may have thought that [defendant] could not have touched the jars at any other time or in any other place. The jury may have *707 thought that [defendant] never had any opportunity to touch the jars outside the house either before or after complainant bought them. But that conclusion would have been based on speculation alone. The jury had no way to determine where the complainant purchased the jars, or how long he had them before [the burglary], or whether complainant ever removed them from his home, or how long the prints were on the jars. The Government need not negate all inferences consistent with innocence which could arise from the fingerprints. It negated none.” (Id. at pp. 596-597, fns. omitted, italics added.)
As the italicized language demonstrates, this case is distinguishable. The victim testified the wristwatch box never left the condominium; so Preciado either touched the item during an uninvited foray or—miracle of miracles—he did so some 18 months earlier, before the victim received the gift, and the fingerprints endured. Enough inferences were negated here. The determination was for the jury and was, presumably, not a very difficult one. (See Stevenson v. United States (D.C. Cir. 1967) 380 F.2d 590 [127 App.D.C. 43] [different panel affirmed Borum’s conviction of housebreaking and robbery on nearly identical facts in an incident occurring one month later where the history of the latent fingerprint sites was related by the victim].) The burglary conviction is supported by substantial evidence.
II
Defendant tells us his conviction must be deemed burglary in the second degree because there was no specification of degree on the verdict form. (Pen. Code, § 1157.)[2] It read, “We the Jury in the above-entitled action find the Defendant, Ruben Felix Preciado, Guilty of the crime of felony, to wit: Violation of Section 459 of the Penal Code of the State of California, (Residential Burglary) as charged in Count 1 of the Information.” (Second and third italics added.) The information charged a “violation of Section 459/460.1/461.1 of the Penal Code (Residential Burglary—1st Degree).” (Italics added.)
The law is not completely settled in this area, but we believe Preciado’s contention must fail. The verdict described a first degree burglary in so many *708 words, “residential burglary,” and referred to the information which did specifically charge defendant with first degree burglary. There was no evidence defendant burglarized anything but an “inhabited dwelling house” (Pen. Code, § 460, subd. 1). And “residence” and “inhabited dwelling house” are interchangeable terms. (People v. Harrell (1989) 207 Cal.App.3d 1439, 1445 [255 Cal.Rptr. 750].)
Preciado urges application of In re Jacob M. (1987) 195 Cal.App.3d 58 [240 Cal.Rptr. 418]. There a juvenile court petition alleged, ‘the minor ‘did willfully and unlawfully enter [a certain] inhabited residential structure and building . . . with the intent to commit larceny, in violation of Penal Code section 459, a felony.’ ” (Id. at p. 60.) We held the court’s mere sustaining of the petition beyond a reasonable doubt did not suffice to fix the degree of the offense.
Jacob M. was correctly decided, but this case is different. The juvenile court in Jacob M. failed to either state the burglary was of a residence or to specify the degree. As we will explain, however, the virtually unanimous view in the current case law is that a finding or verdict which unmistakably describes the higher degree is the equivalent of a specific finding of degree. (See, e.g., People v. Anaya (1986) 179 Cal.App.3d 828, 832 [225 Cal.Rptr. 51].) Unfortunately, the wording of the Jacob M. opinion was excessively expansive in failing to stop with that distinction and can be read to support a broader rule than the facts justified.[3] It has been criticized since, and properly so, because its language is only dicta in situations where the verdict does describe an offense of the higher degree in alternative language. (In re Andrew I., supra, 230 Cal.App.3d at p. 581; People v. Goodwin (1988) 202 Cal.App.3d 940, 947 [249 Cal.Rptr. 430].)
We relied on two Supreme Court cases in Jacob M., People v. McDonald (1984) 37 Cal.3d 351, 379-383 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011], and People v. Beamon (1973) 8 Cal.3d 625, 629, footnote 2 [105 Cal.Rptr. 681, 504 P.2d 905], as well as a number of decisions from panels at this level. What we failed to properly recognize, however, is that application of the rule of McDonald-Beamon has been confined to those situations in which the prosecution was forced to argue from inferences based on collateral findings in circumstances where no fixing of the degree or the equivalent was made at all.[4] None of the authority relied upon in *709 Jacob M. represents the sort of case presented here, where the offense is unmistakably described as a crime that could only be of the first degree.
Jacob M. did distinguish three then recent decisions on that basis. (People v. Deay (1987) 194 Cal.App.3d 280 [239 Cal.Rptr. 406]; People v. Anaya, supra, 179 Cal.App.3d 828; People v. Lamb (1986) 176 Cal.App.3d 932 [222 Cal.Rptr. 570].) We noted these cases did not parallel the Jacob M. situation, where there simply was no finding of any kind.[5] (In re Jacob M., supra, 195 Cal.App.3d at p. 63.) In each of them, the plea or verdict described the burglary of a residence: “We need not look beyond the verdict forms to discover the jury’s ‘true intent’; the forms themselves clearly show the jury found [defendant] guilty of burglaries in the first degree.” (People v. Anaya, supra, at p. 832.)
Still later opinions have come to similar conclusions on essentially the same facts. For example, in People v. Atkins (1989) 210 Cal.App.3d 47 [258 Cal.Rptr. 113], the jury returned a verdict nearly identical to the one here. The court relied on several cases, including Deay and Anaya, which hold that “findings stating that defendant was guilty of ‘residential burglary’ or ‘burglary . . . upon an inhabited building and residence’ are tantamount to findings of first degree burglary.” (Id. at p. 52.) The Court of Appeal followed suit in People v. Wilson (1991) 227 Cal.App.3d 1210, 1218-1219 [278 Cal.Rptr. 319], and People v. Goodwin, supra , 202 Cal.App.3d 940, 946-947. And a like view was recently expressed by the majority in a similar case from this division. (In re Andrew I., supra, 230 Cal.App.3d 572.)
In keeping with this virtually unanimous body of law, we agree that McDonald and Beamon are inapplicable because “in those cases the [intended] degree of the crime was [only] implied by other subsequent findings,” the purpose of which “ ‘was other than to describe the degree of the crime.’ ” (People v. Atkins, supra, 210 Cal.App.3d at p. 52.)[6] And such is not the case here. We are required to imply nothing. The information charged first degree residential burglary; the evidence would only support first degree burglary; *710 and the verdict form, specifically finding burglary of a residence, was just another way of saying first degree burglary. There is no reason to reduce the degree under these circumstances.
III*
As modified in the unpublished portion of the opinion, the judgment is affirmed.

He also contends a serious felony enhancement for a 1979 burglary must be stricken for lack of proof that an inhabited dwelling was involved. In the unpublished portion of the opinion, we find merit in that point.

Penal Code section 1157 provides, “Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree.”
Penal Code section 1192 states, “Upon a plea of guilty, or upon conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."
Like these sections, rule 1488(e)(5) of the California Rules of Court requires a finding of degree after trial or plea in juvenile proceedings.

The author of Jacob M. stands by her guns, however. (In re Andrew I. (1991) 230 Cal.App.3d 572, 583-585 [281 Cal.Rptr. 570] (dis. opn. of Sonenshine, J.).) The writer of this opinion is deserting under fire.

In Jacob M. there was no equivalent finding for the Attorney General to rely upon. Thus, the result there was compelled by McDonald and Beamon.

We improvidently added, “even if Anaya and Deay are viewed as substantially indistinguishable from the case at bar, we, given the precedents discussed above, are unable to follow these cases.” (In re Jacob M., supra, 195 Cal.App.3d at p. 63.) Those cases were distinguishable, however; and no precedent we know of would have prevented us from following them had they been apt to the facts of Jacob M.

Older Supreme Court precedent specifically relating to the failure to fix the degree of burglary (In re Kenneth H. (1983) 33 Cal.3d 616 [189 Cal.Rptr. 867, 659 P.2d 1156]; People v. Flores (1974) 12 Cal.3d 85 [115 Cal.Rptr. 225, 524 P.2d 353]) is no longer helpful because every burglary of a residence is now first degree. That was not true when the offenses were committed in those cases. (In re Andrew I., supra, 230 Cal.App.3d at p. 582.) Moreover, Kenneth H. and Flores are both examples of the McDonald-Beamon line; no findings of elements suggesting degree or degree itself were made in either.

See footnote, ante, page 1244.