24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Urbano Moran LOPEZ, Defendant-Appellant.
 No. 93-50241.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1994.
Decided April 26, 1994.
 
 1
 Before: BRIGHT*, WIGGINS, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Pursuant to a plea agreement, Lopez ("Appellant") pleaded guilty to two counts of unarmed bank robbery. The district court sentenced Appellant as a "career offender" under the Sentencing Guidelines because Appellant had "at least two prior felony convictions of ... a crime of violence." U.S.S.G. Sec. 4B1.1 (1992). One of those convictions (California state court, 1981) was for second degree burglary.
 
 
 4
 The Guidelines define "crime of violence" to include "burglary of a dwelling," but fail to include explicitly any other kind of burglary. U.S.S.G. Sec. 4B1.2 & comment. (n. 2). ("Crime of violence" also includes any offense involving "conduct that presents a serious potential risk of physical injury to another," however. U.S.S.G. Sec. 4B1.2 & comment. (n. 2).) The statutes under which Appellant was convicted, former California Penal Code sections 459[1] and 460[2], did not require that second degree burglary take place in a residence; rather, any building sufficed. The information charging Appellant with burglary alleged, however, that Appellant entered a "residence and building occupied by Richard Miller and Ronald Muzzy." This residence was the only building mentioned in the information. The district court, relying on the charging paper, held that the 1981 conviction was for burglary of a dwelling, a crime of violence. Appellant appeals this decision.
 
 DISCUSSION
 
 5
 "The district court's determination that [Appellant] is a career offender, as an interpretation of the Guidelines, is subject to de novo review." United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991).
 
 
 6
 Appellant's argument for reversal consists primarily of three premises and a conclusion: (1) A sentencing court may examine only the statute defining the crime of conviction in deciding whether the conviction was for a crime of violence under the Guidelines. (2) The former California burglary statutes, Penal Code sections 459 and 460, allow a person to be convicted of second degree burglary without any charge or proof that a dwelling was entered. (3) The Sentencing Guidelines' omission of burglary of a non-dwelling from specifically named crimes of violence implies that burglary of a non-dwelling is not a crime of violence. Thus, Appellant claims, Appellant's conviction for violation of these statutes does not constitute a crime of violence as defined by the Guidelines.
 
 
 7
 Appellant's argument depends entirely on the truth of (1). In support of that proposition, Appellant cites primarily Taylor v. United States, 495 U.S. 575 (1990); United States v. Parker, 5 F.3d 1322 (9th Cir.1993); and United States v. Sherbondy, 865 F.2d 996 (9th Cir.1988). These cases discuss whether a prior conviction was for a "violent felony" as defined in 18 U.S.C. Sec. 924(e) rather than whether a prior conviction was for a "crime of violence" under the Sentencing Guidelines. Under Sec. 924(e), a person convicted of violating 18 U.S.C. Sec. 922(g) must receive an enhanced sentence if the person has three previous, separate convictions for "violent felon[ies]."
 
 
 8
 In Sherbondy, the earliest of the three cases, the court held that it was error for the district court to hold a hearing and review extrinsic evidence to determine whether facts underlying a conviction showed that the conviction was for a violent felony. In ruling, the court stated that "the trial court may ... look only to the fact of conviction and to the statutes establishing the crimes of which the defendant was convicted." 865 F.2d at 1009.
 
 
 9
 Taylor and Parker examined whether state court convictions for burglaries were for a "violent felony." The Taylor court announced that a determination of whether a crime constitutes a violent felony "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." 495 U.S. at 602. Parker relied on this rule and on Sherbondy to hold that a 1968 California state court conviction for second degree burglary, under the very statutes at issue in the instant case, was not a "violent felony" for purposes of Sec. 924(e). 5 F.3d at 1324-28.
 
 
 10
 Appellant also argues that the district court's reliance on the charging paper was error because the statement therein that Appellant had burglarized a "residence" was "mere surplusage." Appellant asserts that "[t]he language of an indictment that goes beyond alleging the elements of the statute is mere surplusage which need not be proven." United States v. Jordan, 626 F.2d 928, 931 (D.C.Cir.1980); United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir.), cert. denied sub nom., Prock v. United States, 479 U.S. 855, and cert. denied sub nom., White v. United States, 479 U.S. 889 (1986); see People v. Anaya, 225 Cal.Rptr. 51, 55 (Ct.App.1986). Appellant asserts that surplus material in charging papers should not be considered in determining whether his sentence for a later crime should be increased. See Anaya, 225 Cal.Rptr. at 55 (implying that the mere surplusage rule has such an effect under California law).
 
 
 11
 Appellee argues in rebuttal that "[t]o determine whether a prior conviction is a 'crime of violence,' [a court] look[s] to [either] 'the elements of the crime charged or whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another.' " United States v. Young, 990 F.2d 469, 471 (9th Cir.) (quoting United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992)), cert. denied, 114 S.Ct. 276 (1993); see United States v. Davis, 932 F.2d 752, 763-64 (9th Cir.1991). Both Young and Davis involved determinations of whether a prior conviction was for a crime of violence for career offender purposes under section 4B1.2 of the Guidelines. In Young, the court held that the district court could properly consider language in the information charging the defendant with the prior crime. 990 F.2d at 472. In Davis, the court considered an admission made by defendant's counsel at the sentencing hearing at which the defendant was sentenced for the prior conviction; the court also cited the prior proceeding's plea hearing transcript. 932 F.2d at 764.
 
 
 12
 Appellee also distinguishes Taylor, citing United States v. Alvarez, 972 F.2d 1000 (9th Cir.1992), cert. denied, 113 S.Ct. 1427 (1993); and United States v. Sweeten, 933 F.2d 765 (9th Cir.1991). In Sweeten, the court held that Taylor did not preclude consideration of language in an indictment and guilty plea, when determining whether the accompanying conviction was of a "violent felony" for purposes of 18 U.S.C. Sec. 924(e). 933 F.2d at 769-70. In Alvarez, the court considered both an indictment and a jury verdict in making a Sec. 924(e) determination. 972 F.2d at 1005-06.
 
 
 13
 Appellee also claims Parker is distinguishable. In Parker, the information failed to allege an "unlawful or unprivileged" entry, an essential element of a burglary under Sec. 924(e) as interpreted in Taylor. 5 F.3d at 1325-26. But in the instant case, the fact at issue, "residence," was charged in the information.
 
 
 14
 Appellee further notes that a defendant admits the factual allegations in the information when he pleads guilty. United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987); United States v. Benson, 579 F.2d 508, 509 (9th Cir.1978). Appellee argues that Appellant's guilty plea admitted the residence allegation, even if that allegation could be called mere surplusage in certain contexts. In the federal cases cited by Appellant in support of the "mere surplusage" rule, Appellee notes, the rule was used only to deny a defendant's motion, made after a plea of not guilty and a trial, to strike unessential and unproved allegations from the charging paper. Jenkins, 785 F.2d at 1390-92; Jordan, 626 F.2d at 929-31. Moreover, Appellee contends, for the court to refuse to consider, as "mere surplusage," language in the charging paper going beyond the relevant statutory elements would in effect render purposeless the court's holding in Young, Davis, Alvarez, and Sweeten that certain facts other than the bare statutory elements could be considered. Finally, Appellee notes, Anaya 's implication that mere surplusage cannot not be used to enhance a sentence was dicta because no allegation in that case was held to be mere surplusage.
 
 
 15
 In rebuttal, Appellant asserts that if Young, Davis, Alvarez, and Sweeten are to be read as Appellee suggests, then these cases are in conflict with Taylor, Sherbondy, and Parker. Appellant also claims that this case is unlike Anaya in that here the "residence" allegation is mere surplusage. Yet Appellant would still urge us to follow Anaya 's dicta.[3]
 
 
 16
 We affirm the district court. A court may examine whether actual charged "conduct" presented a serious risk of physical injury to another, in determining whether the conviction was for a crime of violence under U.S.S.G. section 4B1.2. United States v. Hayes, 7 F.3d 144, 145 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3658 (U.S., Apr. 4, 1994); United States v. Lonczak, 993 F.2d 180, 181-82 (9th Cir.1993); Young, 990 F.2d at 472; U.S.S.G. Sec. 4B1.2, comment. (n. 2); see also Davis, 932 F.2d at 763-64. Therefore, the court in this case was authorized to look to the charging paper in determining whether Appellant's prior conviction was for burglary of a dwelling.
 
 
 17
 The Ninth Circuit held in Alvarez and Sweeten that examining the charging paper to determine the nature of the crime of conviction is not inconsistent with Taylor. See also Parker, 5 F.3d at 1325-28 (noting that Taylor allows a court, in determining whether under Sec. 924(e) a conviction was for a "violent felony," to examine charging papers in certain circumstances). In fact, the Taylor court itself recognized, in dicta, that in some cases the charging paper may be examined. 495 U.S. at 602.
 
 
 18
 Sherbondy is also not opposed to a court's examining charging papers. In Sherbondy, the trial court held a hearing, took live testimony, and examined the conviction record in determining whether the defendant's prior conviction was for a "violent felony." It was this broad examination of facts that the Sherbondy court condemned. Any statement implying that a court could not examine charging papers was dicta and at odds with the Supreme Court's dicta in Taylor. See United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir.) (distinguishing Sherbondy as a case in which reference to the charging paper would have been of no assistance to the court), cert. denied sub nom., Chavez v. United States, 114 S.Ct. 262 (1993).[4]
 
 
 19
 Moreover, that the "residence" allegation in the charging paper could possibly be characterized as "mere surplusage" is irrelevant. If only the allegations in the charging paper mirroring the elements of the charged crime could be considered in determining whether the crime committed was a crime of violence, Young 's rule allowing courts to examine more than the statute defining the crime would be without purpose. As to Anaya, it is state law; Anaya should not guide the court when federal law under Young and Davis is clear.
 
 
 20
 Finally, burglary of a residence or dwelling, by its nature, presents a serious potential risk of physical injury to another. Becker, 919 F.2d at 571; see Taylor, 495 U.S. at 597. Burglary of a dwelling is therefore a crime of violence. See also U.S.S.G. Sec. 4B1.2(1)(ii). Thus, the district court properly relied on Appellant's 1981 second degree burglary conviction in characterizing Appellant as a career offender.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under section 459, "burglary" was committed as follows: "Every person who enters any house, room, apartment, tenement, shop, warehouse, ... or other building ... with intent to commit grand or petit larceny or any felony is guilty of burglary."
 
 
 [2]
 Under section 460, burglaries committed in inhabited portions of buildings at night were first degree burglaries; all others were second degree
 
 
 [3]
 The parties dispute the effect of two additional cases: United States v. Broce, 488 U.S. 563 (1989), and People v. Guerrero, 748 P.2d 1150 (Cal.1988). In Broce, the Supreme Court stated, "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." 488 U.S. at 569. Appellant claims this statement means that a guilty plea establishes only facts necessary to sustain the conviction and not mere surplusage. Appellee claims that this statement supports the idea that a guilty plea admits all the allegations in the charging paper. Broce actually means neither, however. Mere surplusage was not at issue in Broce. The Supreme Court's statement applies only to factual allegations necessary to support the conviction. The statement neither supports nor rejects the notion that surplusage is established by a guilty plea
 Appellants cite Guerrero for the proposition that the "trier of fact may consider only those items in [the] record of conviction that reveal ... essential facts making the prior conviction res judicata." Appellee claims Guerrero holds that "the trier of fact may look to the entire record of the conviction." 748 P.2d at 1150. Appellee is correct. Guerrero provides no support for Appellant's argument.
 
 
 [4]
 We also note that any language in United States v. Avery, 15 F.3d 816 (9th Cir.1993), that is contrary to our decision is dicta. The Avery court ultimately declined to resolve whether the crime at issue was a crime of violence, because other crimes of violence sufficiently supported the defendant's sentence as a career offender. Id. at 818