[No. B095736. Second Dist., Div. Six. Nov. 5, 1996.]

In re BILLY PAUL BIRDWELL II on Habeas Corpus.

**COUNSEL**

Jonathan B. Steiner and Garfield A. Cramer, under appointments by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William F. Harter and Robert W. Hicks, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

YEGAN J.—In *People* v. *Winslow* (1995) 40 Cal.App.4th 680, 683 [46 Cal.Rptr.2d 901], we said: "As the moving party in a criminal action, it is the People's obligation not only to plead and prove an enhancement, but also to tender adequate instructions and verdict forms so that a lawful determination can be made and sustained on appeal. All too frequently, this responsibility

is lost upon the prosecutor who concentrates on the substantive charge or charges." Here a defective verdict form has come back to haunt the People. This opinion should serve as a reminder that extreme care should be exercised in drafting verdict forms.

In 1987, a jury convicted petitioner of murder. The jury also found there were special circumstances, i.e., the murder occurred while petitioner was engaged in the commission of the crimes of robbery and burglary. In addition, the jury found that petitioner used a dangerous weapon, a knife, in the commission of the offenses. The jury did not, however, make any finding on the verdict form with respect to the degree of murder. Petitioner was sentenced to state prison for life without the possibility of parole, one of the specified penalties for first degree murder with a special circumstance finding. Petitioner appealed and we affirmed the judgment in a nonpubished opinion. The defect in the verdict form was not raised on the appeal.

In his habeas corpus petition, petitioner claims, inter alia, that the jury's failure to specifically designate the degree of the offense requires a reduction to second degree murder. (Pen. Code, § 1157.) We are not writing upon a clean slate. As we shall explain, California Supreme Court precedent compels the granting of relief. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)[1]

Penal Code section 1157 provides: "Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Under the *McDonald-Beamon* rule, a jury in a criminal case is required to determine the degree of the crime and if it does not, the offense is deemed to be of the lesser degree. (*People* v. *McDonald* (1984) 37 Cal.3d 351, 379-383 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011]; *People* v. *Beamon* (1973) 8 Cal.3d 625, 629, fn. 2 [105 Cal.Rptr. 681, 504 P.2d 905]; *People* v. *Dailey* (1996) 47 Cal.App.4th 747, 751-755 [55 Cal.Rptr.2d 171].)

The facts and circumstances of *People* v. *McDonald, supra,* illustrate this rule. There the defendant was found guilty of murder. In addition, a special circumstance allegation, i.e., the murder occurred while the defendant was

---

[1]Petitioner has prayed for other relief which is denied on procedural grounds. (*In re Harris* (1993) 5 Cal.4th 813, 842 [21 Cal.Rptr.2d 373, 855 P.2d 391]; *In re Clark* (1993) 5 Cal.4th 750, 783 [21 Cal.Rptr.2d 509, 855 P.2d 729].)

engaged in the commission of a robbery, was found true by the jury. The defendant was, however, acquitted of the robbery that formed the basis of the special circumstance allegation. As is the case here, the jury verdict form did not specify the degree of murder.[2]

The Supreme Court rejected an argument by the Attorney General that the degree of murder could be readily inferred from the jury's finding of special circumstances. (*People* v. *McDonald, supra,* 37 Cal.3d at p. 380.) "[T]he key is not whether the 'true intent' of the jury can be gleaned from circumstances outside the verdict form itself; instead, application of the statute turns only on whether the jury specified the degree in the verdict form." (*Id.,* at p. 382.) Penal Code section 1157 applies "even if the court or jury returns a specific finding which would warrant a conviction of the higher degree as a matter of law." (*People* v. *Williams* (1984) 157 Cal.App.3d 145, 154 [203 Cal.Rptr. 562].) The net effect of these authorities is that the jury found petitioner guilty of only second degree murder. We are reasonably certain that the jury will be surprised to learn of its "new" verdict. We are also reasonably certain that the sentencing court will be surprised to learn that it imposed a first degree murder sentence for a second degree murder.

In subsequent cases, the *McDonald-Beamon* rule, although criticized for its inflexibility, continues to be the law of this state. (*People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 72-75 [2 Cal.Rptr.2d 389, 820 P.2d 613]; *People* v. *Bonillas* (1989) 48 Cal.3d 757, 802-804 [257 Cal.Rptr. 895, 771 P.2d 844] (conc. opn. of Arguelles, J.); *People* v. *Johns* (1983) 145 Cal.App.3d 281, 295 [193 Cal.Rptr. 182]; *People* v. *Escobar* (1996) 48 Cal.App.4th 999, 1027 [55 Cal.Rptr.2d 883].)[3]

In an effort to uphold the first degree murder sentence, the Attorney General, relying on *People* v. *Preciado* (1991) 233 Cal.App.3d 1244, 1248 [285 Cal.Rptr. 22], argues that Penal Code section 1157 should not come into play unless there is an ambiguous jury verdict. In *Preciado,* there was no mention in the verdict form of degree of crime. The verdict form, however, referred to the information and the information expressly charged the defendant with " '(RESIDENTIAL BURGLARY—1st Degree).' " Because of this reference, the court upheld a conviction for first degree burglary. (233

---

[2]We attach the verdict forms. The jury should have been advised to answer question No. 4 even if they answered questions 2 and 3 with "true." (See appendix.)

[3]The rigid requirements of Penal Code section 1157 hearken back to those common law pleading days when, in *People* v. *Jacinto Aro* (1856) 6 Cal. 207, an indictment charging that the accused did "with a Colt's pistol and dirk-knife, willfully, feloniously, and with malice aforethought, kill, murder, and do to death, one (name unknown,) . . ." (at p. 208) was found to be defective by the Supreme Court because it ". . . contained no description of the offence, or statement that the deceased came to his death by the wounds inflicted, or the day of his death." (*Id.,* at p. 209.)

Cal.App.3d at p. 1247.) The instant information does not allege that petitioner was charged with first degree murder.

The Attorney General argues that, when one looks at the entirety of the record, it is obvious that the jury intended to convict petitioner of first degree murder. Even if it is obvious that the jury intended to find first degree murder, the *McDonald-Beamon* rule focuses solely on the actual verdict and does not take into account any extrinsic evidence or findings. (*People v. McDonald, supra,* 37 Cal.3d at p. 355; *People v. Dailey, supra,* 47 Cal.App.4th 747, 751-755; *People v. Johns, supra,* 145 Cal.App.3d at pp. 287, 294.)

The Attorney General next argues that petitioner is precluded from attacking the judgment on a variety of procedural grounds. However, there is one hurdle over which the Attorney General cannot jump: "An appellate court may 'correct a sentence that is not authorized by law whenever the error comes to the attention of the court.' [Citation.]" (*In re Harris, supra,* 5 Cal.4th 813, 842.) An unauthorized sentence is just that. It is not subject to a harmless error analysis. Nor does it ripen into a sentence authorized by law with the passage of time. Imposition of an unauthorized sentence is an act which is in excess of a court's jurisdiction and may be the subject of later review even after affirmance of the judgment on direct appeal. (*Id.,* at pp. 838-840; *People v. Neal* (1993) 19 Cal.App.4th 1114, 1120 [24 Cal.Rptr.2d 129]; see also *In re Ward* (1966) 64 Cal.2d 672, 625 [51 Cal.Rptr. 272, 414 P.2d 400].) ▮ Thus the general rule that an unexplained delay in seeking relief may bar habeas corpus relief (see, e.g., *In re Clark* (1993) 5 Cal.4th 750, 765 [21 Cal.Rptr.2d 509, 855 P.2d 729]) does not apply to bar the correction of an unauthorized sentence.

▮ Relying upon *People v. Freudenberg* (1953) 121 Cal.App.2d 564, 594 [263 P.2d 875], the Attorney General argues that petitioner waived his right to complain by failing to object to the nonconforming verdict. That case stands for the proposition that a failure to object to the form of the verdict cannot be raised for the first time on appeal. However, no issue of unauthorized sentence was presented in that case. "Cases are not authority for questions not presented or considered. [Citation.]" (*People v. Warburton* (1970) 7 Cal.App.3d 815, 822 [86 Cal.Rptr. 894].) In support of this argument, the Attorney General calls our attention to the fact that petitioner's counsel approved the verdict form and could have easily raised his *McDonald-Beamon* objection before the jury was discharged. (E.g., see *People v. Saunders* (1993) 5 Cal.4th 580, 590-591 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *People v. Lessard* (1962) 58 Cal.2d 447, 452 [25 Cal.Rptr. 78, 375 P.2d 46].)

The recent opinion in *People* v. *Dailey, supra,* 47 Cal.App.4th at page 755, noted that the *McDonald-Beamon* line of cases has not as yet addressed the issue of whether the defendant's failure to object to the defective verdict might constitute a waiver. That issue is squarely before us. We resolve this question in favor of petitioner. Failure to object as a waiver would eviscerate the rule that an unauthorized sentence may be corrected at any time. The State of California should have no interest in perpetuating a sentence which is not authorized by law. The failure to object does not prevent the vacation of an unauthorized sentence on habeas corpus. (See *People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) Even the doctrine of invited error is not a bar to the granting of habeas corpus relief to correct an unauthorized sentence. (*In re Andrews* (1976) 18 Cal.3d 208, 212 [133 Cal.Rptr. 365, 555 P.2d 97].) We hold that the failure to object to *McDonald-Beamon* error, which necessarily results in a punishment greater than that authorized by the jury, does not bar the granting of habeas corpus relief.

The Attorney General argues that a reduction to second degree murder would elevate form over substance. This argument has been raised and rejected by our Supreme Court. (*People* v. *Superior Court* (*Marks*), *supra,* 1 Cal.4th at pp. 74-75.) We are precluded from sustaining this theory. (*Auto Equity Sales, Inc.* v. *Superior Court, supra,* 57 Cal.2d at p. 457.) We emphasize that the *McDonald-Beamon* rule is not arcane nor short on life. It is no Herculean task to require a jury finding on the degree of a murder.

Our granting of the petition necessarily requires resentencing by the superior court. Other counts were previously stayed pending service of the sentence on the murder conviction. The trial court is authorized to impose any lawful sentence. We express no opinion on whether counts previously stayed can or should now be imposed. Similarly, we express no opinion on whether consecutive or concurrent sentences are permitted or should be imposed.

The petition for writ of habeas corpus is granted. The first degree murder finding and the special circumstances findings are vacated. The murder finding is reduced to second degree. The judgment is vacated and the matter is remanded for resentencing only.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 26, 1997.

APPENDIX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

THE PEOPLE OF THE STATE OF CALIFORNIA,)

                      )

               Plaintiff,)   COURT NO. CR-22085

                      )

         vs.            )     V E R D I C T

                      )

BILLY PAUL BIRDWELL, II,      )

                      )

            Defendant.)

_____)

1. We, the jury impaneled to try the above-entitled cause, find the defendant, BILLY PAUL BIRDWELL, II, GUILTY of violation of section 187 of the Penal Code, murder of Douglas Leroy Jensen, as alleged in Count 1 of the Information. _X_ YES ___ NO

(If the answer to #1 is yes, please answer questions 2 and 3. If the answer is no, please go to question #5.)

2. We further find that the murder was committed by defendant, BILLY PAUL BIRDWELL, II, while the defendant was engaged in the commission and attempted commission of the crime of robbery. _X_ TRUE ___ UNTRUE

3. We further find that the murder was committed by the defendant, BILLY PAUL BIRDWELL, II, while the defendant was engaged in the commission and attempted commission of the crime of burglary. _X_ TRUE ___ UNTRUE

(If the answer to question 2 or 3 is true, go to question 6. If the answer to both 2 and 3 is no, please answer question 4.)

4. We further find that the murder is of the ___ FIRST ___ SECOND degree.

(If the answer to #4 is guilty of either first or second degree murder, please go to question 6. If the answer to #4 is not guilty of murder, please [handwritten insertion: sign the not guilty verdict forms and] answer question 5.)

5. We, the jury impaneled to try the above-entitled cause, find the defendant, BILLY PAUL BIRDWELL, II, GUILTY of violation of section 192(a) of the Penal Code, voluntary manslaughter, a necessarily lesser-included offense of the crime of murder, as alleged in Count 1 of the Information. ___ YES ___ NO

(If the answer to #5 is yes, please answer question 6. If the answer is no, please sign the not guilty verdict.)

6. We further find that during the commission and attempted commission of the crime of murder, the defendant, BILLY PAUL BIRDWELL, II, X_ DID ___ DID NOT personally use a deadly and dangerous weapon, a knife, within the meaning of Penal Code section 12022(b).

Dated: 25 Sept 87

/s/
Foreperson of the Jury
[handwritten insertion:
IRVING KERNER]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

THE PEOPLE OF THE STATE OF CALIFORNIA,)
)
Plaintiff,)    COURT NO. <u>CR-22085</u>
)
vs.             )       <u>V E R D I C T</u>
)
BILLY PAUL BIRDWELL, II,       )
)
Defendant.)
                                          )

     We, the jury impaneled to try the above-entitled cause, find the defendant, BILLY PAUL BIRDWELL, II, GUILTY of violation of section 211 of the Penal Code, robbery, as alleged in Count 2 of the Information.

     We further find that during the commission and attempted commission of the crime of robbery, the defendant, BILLY PAUL BIRDWELL, II, <u>X</u> DID ___ DID NOT personally use a deadly and dangerous weapon, a knife, within the meaning of Penal Code section 12022(b).

DATED: <u>25 Sept 87</u>    .

                                  <u>/s/</u>

                                  Foreman of the Jury

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

THE PEOPLE OF THE STATE OF CALIFORNIA,)
)
        Plaintiff,)   COURT NO. <u>CR-22085</u>
)
    vs.         )     V E R D I C T
)
BILLY PAUL BIRDWELL, II,     )
)
        Defendant.)
_____)

We, the jury impaneled to try the above-entitled cause, find the defendant, BILLY PAUL BIRDWELL, II, GUILTY of violation of section 459 of the Penal Code, burglary in the first degree, as alleged in Count 3 of the Information.

We further find that during the commission and attempted commission of the crime of burglary, the defendant, BILLY PAUL BIRDWELL, II, <u>X</u> DID ___ DID NOT personally use a deadly and dangerous weapon, a knife, within the meaning of Penal Code section 12022(b).

DATED: <u>25 Sept 87</u>  .

          <u> /s/         </u>

          Foreman of the Jury