Filed 12/18/14  P. v. Ramirez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040086 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. CC629060, CC962424) |
| v. | |
| JOSE ANGELESPARZA RAMIREZ, | |
| Defendant and Appellant. | |

Defendant Jose AngelEsparza Ramirez appeals from a judgment following his no-contest plea to one count of violating Penal Code section 288, subdivision (a) (lewd act on a child under 14)[1] and one count of violating section 288, subdivision (b)(1) (forcible lewd act on a child under 14).  On appeal, defendant asserts sentencing error in two orders:  that he have no contact with the victim and that he not reside in a home with children under 18 except for his own children.  We find defendant's contentions to be meritorious and will therefore modify the judgment.

## *Background*

When defendant was charged in this case he was on three years' formal probation for committing a lewd act on a child under 14, to which he had pleaded no contest in January 2007 (case No. CC629060).  In October 2009 the court revoked probation in that matter when the charges were filed in the present case, No. CC962424, involving a

---

[1]  All further statutory references are to the Penal Code.

different victim, S.  Defendant was charged by amended information in case No. CC962424 with one count of violating section 288, subdivision (b)(1), one count of violating section 288, subdivision (a), and two counts of violating section 288.7, subdivision (b) (sexual penetration of a child under 10).  The information further referred to case No. CC629060 in alleging a prior strike conviction within the meaning of section 667, subdivisions (b)-(i) and section 1170.12.

On June 12, 2013, in accordance with a negotiated disposition, defendant admitted having violated probation in case No. CC629060, pleaded no contest to the first two counts charged in case No. CC962424, and admitted the strike allegation.  On August 16, 2013, the trial reinstated and then terminated probation in case No. CC629060.  As to case No. CC962424, the court denied defendant's motion to dismiss the strike (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), sentenced defendant to 20 years in prison on counts one and two, and dismissed the third and fourth counts of sexual penetration.  Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

*Discussion*

After imposing the 20-year sentence, the court made several orders which included the following:  (1) "the defendant shall have no contact with the victim [S.] or her family"; and (2) "the defendant shall not reside in a home with children under the age of 18 years . . . 'with the exception of his own children.' "  Defendant contends that both of these conditions were improper.  We agree.

When a defendant is placed on probation for any registrable sex offense, section 1203.1, subdivision (i)(2), authorizes the court to order the defendant to "have no contact with the victim in person, by telephone or electronic means, or by mail."  But as this court emphasized in *People v. Scott* (2012) 203 Cal.App.4th 1303, 1325, "that statute applies only where a defendant is placed upon probation."  Here defendant was sentenced

2

to prison. No other statutes authorize an order prohibiting all contact in these procedural circumstances.

The People appropriately concede that the no-contact order here was unauthorized.[2] The order instead should have been made pursuant to section 1202.05. That provision applies when the defendant is sentenced to prison for a specified sex offense against a child under the age of 18 years. In those cases "the court shall prohibit all *visitation* between the defendant and the child victim." (§ 1202.05, subd. (a), italics added.)[3] And because the legislative restriction was intended to apply to *child* victims, the order cannot extend past the victim's 18th birthday. (See *People v. Scott*, *supra*, 203 Cal.App.4th at p. 1317 ["child victim" means "one who is a child at the time of a contemplated visit"].)

The People suggest a modification of the no-contact order to prohibit only visitation while S. is a minor, and defendant does not object to this proposed disposition. The People do not give way, however, in their response to defendant's second contention, directed at the prohibition against residing with children other than defendant's own. As defendant points out, the court is not authorized to set conditions of parole, which the order effectively did, by imposing restrictions on defendant after completion of his prison term. That function is reserved for the Department of Corrections and Rehabilitation and the Board of Parole Hearings (Board). (See Cal. Code Regs., tit. 15, § 2000, subd. (b)(10); § 3000, subd. (b)(7), (8); *Terhune v. Superior Court* (1998) 65 Cal.App.4th 864, 874 ["expansive authority" in former Board of Prison Terms to "impose any parole

---

[2] Because the sentencing order was unauthorized, defendant's challenge may be made for the first time on appeal. (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.)

[3] This statute provides: "Whenever a person is sentenced to the state prison on or after January 1, 1993, for violating Section 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289, and the victim of one or more of those offenses is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim."

conditions it deems proper," but conditions must be reasonable]; accord, *In re E.J.* (2010) 47 Cal.4th 1258, 1283, fn. 10; see also *In re Prather* (2010) 50 Cal.4th 238, 255 [court may not intrude on Board's statutory authority to make decisions on parole matters].)

The People do not dispute this point; instead, they contend that defendant invited the error in the residence condition hearing by proposing the exception for living with his own children.[4]

The People's attempt to save the condition cannot succeed by resorting to the doctrine of invited error. "[T]he imposition of a sentence for which there is no statutory authority is jurisdictional error [citation]; hence if such an error comes to our attention in a case pending before us, it is subject to correction." (*People v. Davis* (1981) 29 Cal.3d 814, 827; *In re Harris* (1993) 5 Cal.4th 813, 842 [court may correct unauthorized sentence " 'whenever the error comes to the attention of the court' "].) In these instances "[a]ppellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Smith* (2001) 24 Cal.4th 849, 852.)

This principle withstands not only assertions of forfeiture for failure to object but also claims of invited error. (*In re Andrews* (1976) 18 Cal.3d 208, 212 [doctrine of invited error does not apply to unauthorized sentences, which are void and may be challenged at any time]; *In re Birdwell* (1996) 50 Cal.App.4th 926, 931 [noting

---

[4] After the court announced the condition that defendant "not reside in a home with children under the age of 18 years," a discussion was held off the record. Upon returning, the court announced that it agreed with a suggestion made by defense counsel "that we add, quote, 'with the exception of his own children,' which I think is appropriate and that will be the court's order."

4

*Andrews*].)  Accordingly, even if we were to conclude that the defense invited the error in imposing this post-release condition,[5] the error is correctable on appeal.

*Disposition*

The judgment is modified in the following respects:  (1) The no-contact order is amended to prohibit visitation with S. while she is under the age of 18 years; and (2) the restriction on residing with children under the age of 18 years is stricken.  The trial court shall prepare an amended abstract of judgment and forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

---

[5] We do not accept this premise in any event.  There is no indication on the record that the defense's suggested modification of the condition was a deliberate tactical one that misled the court and thereby induced the error.  (See, e.g., *People v. Coffman* (2004) 34 Cal.4th 1, 49 [invited error applicable only if it is clear that counsel intentionally caused the trial court to err, for tactical reasons rather than out of ignorance or mistake].)  Instead, it is apparent that the court erred in following the recommendation of the probation officer that conditions applicable upon his release be imposed at sentencing.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.