[No. B055828. Second Dist., Div. Five. Jan 28, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO FIGUEROA, Defendant and Appellant.

**COUNSEL**

Ronald A. Araiza, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, John R. Gorey and Robert David Breton, Deputy Attorneys General, For Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—Pedro Figueroa (defendant) appeals from the judgment entered following a jury trial in which he was convicted of first degree burglary (Pen. Code, § 459) and a court trial in which he was found to have suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a) and to have served four prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). He contends: "There was insufficient evidence upon which to sustain appellant's conviction."

Viewed in accordance with the usual rules on appeal (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]), the evidence established that at approximately 10:30 a.m., on March 21, 1990, Rosa Munoz returned to her apartment in Wilmington and noticed a portion of the sliding window in her kitchen had been broken and the glass removed. The front door to the apartment was ajar and she observed that some drawers had been opened and a videocassette recorder (VCR), camera, and some jewelry were missing. When Los Angeles Police Officer Raymond Peterson arrived at Ms. Munoz's apartment, he found a piece of the missing glass pane in a dumpster at the rear of the building. He dusted the pieces of glass for prints and lifted two palm prints. Officer Peterson concluded that the burglar's point of entry had been through the broken portion of the kitchen window. The latent prints lifted from the glass pane were later determined to be defendant's palm prints.

Ms. Munoz testified that defendant was the brother-in-law of her uncle and he had been to her apartment three to five times previously. She testified that she had been present on each of those occasions and that he had never been in the part of the kitchen near the sliding door, although she could not remember whether he had used the sink near the window. She also testified that the outside of the kitchen window was washed every other weekend.

Relying upon the decision of *Mikes* v. *Borg* (9th Cir. 1991) 947 F.2d 353, 356-361, defendant contends the foregoing evidence is insufficient to allow the jurors to find him guilty of first degree burglary. In *Mikes*, our colleagues in the Ninth Circuit held that when a criminal case is premised solely upon the defendant's fingerprints left on the murder weapon at a

homicide scene, "the prosecution must present evidence sufficient to permit the jury to conclude the objects on which the fingerprints appear were inaccessible to the defendant prior to the time of the commission of the crime." (*Id.* at pp. 356-357.) Because *Mikes* is a federal habeas corpus appeal, the sufficiency of the evidence question was one of constitutional dimensions. ■ *Mikes* is not binding authority on California courts; rather, it is persuasive authority. (*Rohr Aircraft Corp.* v. *County of San Diego* (1959) 51 Cal.2d 759, 764-765 [336 P.2d 521].) In any event, as will be noted, the evidence in the present case falls within the confines of other Ninth Circuit cases which have upheld convictions based solely upon fingerprint evidence. (*United States* v. *Crenshaw* (9th Cir. 1983) 698 F.2d 1060, 1063-1064; *United States* v. *Scott* (9th Cir. 1971) 452 F.2d 660, 661-662.)

■ Assuming *Mikes* is a correct statement of federal constitutional law, it is not controlling in the present case because more than mere fingerprint evidence is present. ■ Our Supreme Court has set forth the applicable constitutional test concerning the sufficiency of evidence in cases where the conviction is premised on fingerprint evidence as follows: "An appellate court called upon to review the sufficiency of the evidence supporting a judgment of conviction of a criminal offense must, after a review of the whole record, determine whether the evidence is such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. [Citations.] The standard of appellate review is the same in cases in which the People rely primarily on circumstantial evidence. [Citation.] Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' [Citations.] 'Circumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt.' [Citation.]" (*People* v. *Bean* (1988) 46 Cal.3d 919, 932-933 [251 Cal.Rptr. 467, 760 P.2d 996]; see *Jackson* v. *Virginia* (1979) 443 U.S. 307, 318-319 [61 L.Ed.2d 560, 573-574, 99 S.Ct. 2781].) In *Bean*, the principal evidence linking the defendant with one of the murders was a palm print on the sink counter of the decedent's residence. Even less evidence linked the defendant to the other homicide in *Bean*. As to the second homicide, the evidence indicated that defendant's fingerprints had been found on a pair of sunglasses and he had been observed near the scene of the homicide. (*People* v. *Bean, supra,* 46 Cal.3d at pp. 933-934.) California trial and intermediate appellate courts are bound by the holding of *Bean*. (*Auto Equity Sales, Inc.* v.

*Superior Court* (1962) 57 Cal.2d 450, 454-456 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ The California Supreme Court has repeatedly emphasized that fingerprints are the strongest evidence of identity and ordinarily are sufficient by themselves to identify the perpetrator of the crime. (*People* v. *Andrews* (1989) 49 Cal.3d 200, 211 [260 Cal.Rptr. 583, 776 P.2d 285]; *People* v. *Johnson* (1988) 47 Cal.3d 576, 601 [253 Cal.Rptr. 710, 764 P.2d 1087]; *People* v. *Gardner* (1969) 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575]; *People* v. *Riser* (1956) 47 Cal.2d 566, 589 [305 P.2d 1]; *People* v. *Adamson* (1946) 27 Cal.2d 478, 495 [165 P.2d 3].) As noted previously, *Mikes*, a decision of an intermediate federal appellate court, is not binding authority on California courts.

■ Applying *Bean* to the present case, we conclude sufficient evidence identifying defendant as the perpetrator of the offense was presented. Defendant had been present inside the apartment three to five times prior to the burglary; therefore, he was familiar with it. He knew that the VCR stolen by the burglar was in the apartment because he himself had installed it several weeks prior to the theft. When defendant was in the apartment as a guest of Ms. Munoz prior to the burglary, he did not go into the part of the kitchen where the palm prints were found. Every other weekend, Ms. Munoz's father would wash the outside of the windows. There was no evidence defendant was present between the last time the exterior of the windows were cleaned and the burglary nor was there any evidence that defendant would have had any reason to place his hand on the window exterior except to gain surreptitious entry into the apartment. Nobody testified that defendant, during his visits to the residence, touched the window where the burglar left the palm prints. This evidence is sufficient to support the judgment which is affirmed. (*People* v. *Bean, supra,* 46 Cal.3d at p. 934; *People* v. *Preciado* (1991) 233 Cal.App.3d 1244, 1246-1247 [285 Cal.Rptr. 22].) *Bean* states the test concerning sufficiency of fingerprint evidence to be utilized by all California intermediate appellate and trial courts because it is a decision of our Supreme Court. *Mikes*, insofar as it is inconsistent with *Bean*, may not be relied upon by California intermediate appellate and trial courts because it is an intermediate federal appellate court decision.

The judgment is affirmed.

Ashby, J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 15, 1992.