Filed 10/18/13  P. v. Aguilar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056013 |
| v. | (Super.Ct.No. FVI1000418) |
| JOSE AURELIO AGUILAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal by Jose Aurelio Aguilar, defendant and appellant (defendant), from the judgment entered after a jury found him guilty of being a felon in possession of a firearm in violation of Penal Code section 12021, subdivision (a)(1)[1] (count 1), and possession of ammunition in violation of section 12316, subdivision (b)(1) (count 2), and the trial court sentenced him to serve the middle term of two years in state prison on each count, to be served concurrently.[2]

Defendant raises two claims of error in this appeal—first, he contends the evidence is insufficient to support the jury's verdict finding him guilty on count 1 of being a felon in possession of a firearm and, second, that the trial court committed prejudicial error in responding to questions the jury asked during their deliberations.

We conclude both claims are meritless, as we explain below. Therefore, we will affirm the judgment.

## FACTS

The pertinent facts are undisputed. San Bernardino County Deputy Sheriff Fernando Munoz obtained a search warrant for defendant's home based on information that illegal narcotics sales were taking place at that location. On February 26, 2010, the deputy executed that warrant. Defendant's teenage daughter was the only person in the house at the time of the search. On the bed in the master bedroom, Deputy Munoz found

---

[1] All further statutory references are to the Penal Code.

[2] The jury found defendant not guilty of street terrorism in violation of section 186.22, subdivision (a) and also returned not true findings on so-called gang enhancements under section 186.22, subdivision (b)(1)(A) alleged in connection with counts 1 and 2.

a shoebox that contained .45-caliber bullets.  In the cabinet under a sink in the master bathroom, the deputy found a locked safe that the deputy opened by picking the lock.  The safe contained a loaded .45-caliber semiautomatic Ruger handgun, along with various receipts, and a letter addressed to defendant.

Deputy Munoz spoke with defendant over the phone while executing the search warrant.  During that conversation, defendant acknowledged he and his three children lived in the house where the search warrant was executed.  Elizabeth Cabral, the mother of defendant's three children, arrived at the house while Deputy Munoz was there.  She asked if he had found a gun and when he confirmed he had, she told him the gun was hers.  She said she had moved out of the residence three months earlier, but had given defendant the gun for safekeeping.  According to Deputy Munoz, Ms. Cabral said she did not know anything about the safe and did not have access to it.

Defendant and Ms. Cabral both testified at trial.  Ms. Cabral said that although she moved out three years earlier, she is at the house where defendant lives three days out of the week because her children live there.  She testified the gun belonged to her, she had purchased it five or six years ago.  She kept it in the safe, which also belonged to her and only she had the combination.  She lost the box the gun came in so when she transported it she put it and ammunition in a shoebox.  Ms. Cabral acknowledged she spoke with Deputy Munoz and another deputy at the house the day the search warrant was executed.  She confirmed she told them she bought the gun, it was registered to her, and she kept it at the house in the safe.

Defendant testified, in pertinent part, that Ms. Cabral owned the gun, she kept it in the safe when she was at the house, and he did not have access to the safe, nor did he know the gun was at the house. Defendant also testified he had previously been arrested for being a felon in possession of a firearm. He believed if the gun was secured and he did not have a key, he would not be in violation of the law.

## DISCUSSION

Defendant first challenges the sufficiency of the evidence to support his conviction for being a felon in possession of a firearm.

## 1.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence was insufficient to show he possessed the gun Deputy Munoz found in the safe because there was no uncontradicted evidence that showed defendant had the ability to open the safe. We disagree.

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.] The same standard applies when the conviction rests primarily on circumstantial evidence. [Citation.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

4

As the trial court instructed the jury, to find defendant guilty of being a felon in possession of a firearm in violation of section 12021, subdivision (a), the prosecutor must prove defendant possessed a firearm, defendant knew he possessed a firearm, and defendant had previously been convicted of a felony.  (See CALCRIM No. 2511.)  The evidence in this case shows the gun was found in a locked safe inside the house where defendant lived with his children.  No other adult was living in the house at the time.  Deputy Munoz testified Ms. Cabral told him she had moved out three months earlier; however, she testified at trial that she had not lived in the house for more than three years.  In addition to the gun, a letter addressed to defendant was also in the safe.[3]  Deputy Munoz testified that when he told Ms. Cabral the gun had been found in a safe, she said she did not know anything about the safe and did not have access to it.

Although Ms. Cabral testified that the safe was hers and only she had the combination, the jury was not obligated to believe that testimony.  Instead the jury could believe Deputy Munoz's testimony that Ms. Cabral said she did not know about the safe and did not have access to it.[4]  Even without her statement, the evidence is sufficient to

---

[3] The letter, which was introduced into evidence at trial, pertains to defendant's Medi-Cal benefits.

[4] Defendant incorrectly states his attorney objected on the ground of hearsay and the trial court sustained the objection when Deputy Munoz was asked this question during direct examination.  In fact, it was the prosecutor who objected on the basis of hearsay when, on cross-examination, defense counsel asked Deputy Munoz, "And [defendant] told you that he didn't know the combination to that safe, is that correct?" Defense counsel did not object when Deputy Munoz testified as a rebuttal witness, when he told Ms. Cabral he found the gun in a safe, that she said she did not know anything about the safe and did not have its combination.

support the jury's implied finding that defendant possessed the gun Deputy Munoz found in the safe. From the fact the safe contained a letter addressed to defendant, the jury could reasonably infer defendant could open the safe, and as a result he had possession of the items in the safe. Therefore, we reject defendant's challenge to the sufficiency of the evidence to support his conviction on count 1, the charge that he was a felon in possession of a firearm in violation of section 12021, subdivision (a)(1).

## 2.

## TRIAL COURT'S RESPONSE TO JURY'S QUESTIONS DURING DELIBERATIONS

During their first hour of deliberation, the jury sent three questions to the trial court. First, after less than 30 minutes of deliberation, the jury asked, "What is the official law regarding a firearm in the residence of a felon? Are there exceptions which would allow another occupant to have a firearm in the house?" The trial court responded, "Please carefully review #2511 which is a complete statement of the law applicable to count 1."

Less than half an hour after the first question, the jury sent the trial court two more questions: "Can a convicted felon reside in a house where there is a firearm that is locked away which he has no access to?" and "What is the legal definition of possession according to the law?" The trial court sent the jury home for the day without responding to their questions. The next day, after conferring with counsel, the trial court responded to both questions, "See Instruction 2511." The jurors resumed deliberations.

6

Defendant contends the trial court's responses were inadequate, and the error was prejudicial. We disagree.

"Section 1138 imposes upon the court a duty to provide the jury with information the jury desires on points of law."[5] (*People v. Smithey* (1999) 20 Cal.4th 936, 985.) "Where, as here, 'the original instructions are themselves full and complete, the court has discretion under . . . section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information.' [Citation.]" (*People v. Davis* (1995) 10 Cal.4th 463, 522.)

Defendant's attorney only objected to the trial court's response to the jury's second question. Because his attorney agreed to the trial court's responses to the jury's first and third questions, defendant cannot now complain about those responses on appeal. (*People v. Roldan* (2005) 35 Cal.4th 646, 729, overruled on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) Defense counsel urged the trial court to answer "yes," to the jury's second question, "Can a convicted felon reside in a house where there is a firearm that is locked away which he has no access to?" The trial court declined, and as previously noted, again instructed the jury to look at the pertinent jury instruction.

---

[5] Section 1138 states, "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or if they desire to be informed on any point of law arising in the case, they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called."

Defendant contends the jury's questions indicate they were having difficulty understanding the legal concept of possession and control set out in CALCRIM No. 2511. By responding the same way to each question, defendant claims the trial court failed to give the jury guidance. In other words, defendant would have us infer from the fact the jury asked questions related to the issue of possession and control three times within their first hour of deliberations, that the jurors did not understand the concept and therefore the trial court should have given them more instruction.[6]

Another inference is equally plausible—the jury had not taken time to grapple with the law set out in CALCRIM No. 2511. By referring them to the pertinent jury instruction, the trial court made clear to the jurors they needed to look there first for the answer to their questions. The jurors reached their verdicts after three more hours of deliberations, a fact that suggests they took time to consider the legal principles set out in the jury instruction and thereby resolved their questions.

Because we do not share defendant's view, even after they consulted CALCRIM No. 2511, that the jurors continued to have difficulty understanding the legal concept of possession and control, we must reject his assertion that the trial court should have told them "control" means "physical control." We are persuaded from our review of the record the jury did not understand that the jury instructions set out the pertinent legal

---

[6] Defendant cites two cases from the Ninth Circuit Court of Appeals to support his claim that the trial court should have given the jury additional instruction. We are not bound by decisions of intermediate federal courts (*People v. Figueroa* (1992) 2 Cal.App.4th 1584, 1587-1588) and consider them only for their persuasive value, and then generally only if there is no other California authority on point.

principles. Once they reviewed and discussed the pertinent instruction, as the trial court directed them to do, the jurors were able to resolve the questions they initially posed to the trial court and thereby reach verdicts on all the charges. Therefore, we must reject defendant's second claim of error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

9