Filed 10/23/13  P. v. Brown CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B242345 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. Nos. GA083551, GA080712) |
| HAROLD VAN BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Dorothy L. Shubin, Judge; Carol Elswick, Judge.  Affirmed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In Los Angeles County Superior Court case No. GA080712, appellant Harold Van Brown pled no contest to first degree residential burglary (§ 459),[1] and attempted petty theft (§§ 664/484, subd. (a)). The first degree residential burglary constituted a serious felony (§ 667, subd. (a)) and a strike offense within the meaning of the "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The trial court suspended execution of sentence and placed appellant on formal probation for three years.

While on probation, appellant was convicted by jury of first degree residential burglary (§ 459), in Los Angeles County Superior Court case No. GA083551.[2] The trial court sentenced appellant to 10 years and four months in state prison, consisting of four years on the burglary charge based on the low term of two years doubled pursuant to the Three Strikes law, plus a five-year serious felony enhancement (§ 667, subd. (a)), and one year and four months (one-third the four-year midterm) for the burglary in case No. GA080712.

Appellant contends the evidence was insufficient to support the jury's verdict that he committed first degree burglary in case No. GA083551. Appellant also contends the evidence was insufficient to support the revocation of his probation. We affirm.

## FACTUAL BACKGROUND

On March 8, 2011, at approximately 2:30 p.m., Mariana D. returned home from school to her Pasadena apartment. As she went upstairs, she saw on the stairs a pencil box that appeared to have been thrown there. She normally kept the pencil box on top of her closet. She also noticed that inside her bedroom someone had emptied out her bag. Mariana went downstairs and discovered the Xbox video game console was missing from the kitchen. She had last seen it the day before. Mariana called her mother and her uncle.

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    Appellant's first jury trial resulted in a mistrial. Based on the evidence presented in the first trial, the trial court found appellant in violation of his probation.

Anthony Robles, Mariana's uncle, arrived at the residence around 6:00 p.m. and also noticed the Xbox was missing. He saw one corner of the screen on the outside of the kitchen window was out of place. In the eight years he lived at the residence the window screen had never been removed from the window. Robles saw a purple stain on the kitchen tile and another stain on a bedsheet by the kitchen window. The stains were similar to those in the alleyway outside the kitchen window caused by berries that fell from an adjacent tree. Robles never saw anyone other than gardeners in the alleyway outside the kitchen window. He called the police department to report the missing Xbox.

At approximately 9:00 p.m. on March 8, 2011, Kevin Roon, a forensic specialist with the Pasadena Police Department, arrived at the apartment to assist the police officers investigating the burglary. Roon examined the exterior portion of the kitchen window. The window was dirty and under the screen in the right-hand corner of the sliding portion he observed disturbances in the dirt as if someone had touched the window and tried to open it. Roon removed the screen and was able to lift a fingerprint from the window. A forensic identification specialist from the Pasadena Police Department analyzed the fingerprint and concluded the fingerprint on the window belonged to appellant.

Robles had known appellant for about four to five years. Appellant was a relative of Robles's neighbor Ben. He had accompanied Ben to Robles's residence on six or seven occasions prior to the burglary to play video games. The last time appellant had visited Robles's residence was approximately two years before the burglary.

Appellant did not present a defense or call any witnesses.

## DISCUSSION

Appellant does not dispute that a burglary took place or that the fingerprints recovered at the crime scene and admitted into evidence belonged to him. Rather, he contends this fingerprint evidence was insufficient to support the finding he committed the burglary because it is impossible to determine when he left the fingerprints on the outside of the kitchen window.

"Our Supreme Court has set forth the applicable constitutional test concerning the sufficiency of evidence in cases where the conviction is premised on fingerprint evidence

3

as follows:  'An appellate court called upon to review the sufficiency of the evidence supporting a judgment of conviction of a criminal offense must, after a review of the whole record, determine whether the evidence is such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.  [Citations.]  The standard of appellate review is the same in cases in which the People rely primarily on circumstantial evidence.  [Citation.]  Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt.  "'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.'"  [Citations.]  "Circumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt."  [Citation.]'  [Citations.]"  (*People v. Figueroa* (1992) 2 Cal.App.4th 1584, 1587.)

"Fingerprint evidence is . . . 'the strongest evidence of identity, and is ordinarily sufficient alone to identify the defendant.'"  (*People v. Bailes* (1982) 129 Cal.App.3d 265, 282 (*Bailes*), quoting *People v. Gardner* (1969) 71 Cal.2d 843, 849.)  "Generally speaking whether fingerprints or palmprints of the accused are alone sufficient to identify the defendant as the criminal must depend on the particular circumstances of the case.  [Citations.]  Where such prints are found at the place of forced entry, particularly where such location is normally inaccessible to others, there is a reasonable basis for the inference that the prints were made there at the time of the commission of the offense and under such circumstances may alone be sufficient to identify the accused."  (*People v. Atwood* (1963) 223 Cal.App.2d 316, 326; overruled on other grounds in *People v. Carter* (2003) 30 Cal.4th 1166, 1197–1198.)  "The jury is entitled to draw its own inferences as to how the defendant's prints came to be on the [object] and when . . . and to weigh the evidence and opinion of the fingerprint experts."  (*People v. Gardner, supra,* at p. 849.)

4

In *Bailes* the defendant was convicted of burglary based solely on the presence of his fingerprint on a bathroom window screen that had been bent away from the window to allow access to the burglarized residence. (*Bailes, supra,* 129 Cal.App.3d at pp. 268–269.)  The defendant's family members testified the defendant was with his father and brother on the morning of the burglary; the stolen items were never seen in the defendant's room or anywhere else in the family home; and the defendant "'quite regularly'" worked for his father, a plastering contractor, during which the defendant removed window screens as part of his job. (*Id.* at p. 269.)  Relying on cases in which "a fingerprint, palm print, or footprint [was] left inside a structure or at a point of unusual access," the appellate court concluded the jury could reasonably infer the defendant had left his print on the screen in the process of burglarizing the residence. (*Id.* at p. 282.)

Sufficient evidence supports appellant's conviction of the burglary based upon the finding of his fingerprints on the outside of the kitchen window shortly after the burglary. Robles testified that purple stains were found on the kitchen floor and on a bedsheet which resembled the purple berries found in the alleyway outside the kitchen window. The jury could have reasonably inferred that the kitchen window was the point of entry into the apartment when the Xbox was stolen.  Appellant argues his fingerprints could have been left there on one of the numerous occasions he visited the apartment to play video games, or he could have left them there when he passed by the window.  There is no support in the record for appellant's contention that the outside of the window was accessible to him when he visited the apartment.  Indeed, the evidence is to the contrary. Robles testified that he never saw anyone other than gardeners in the alleyway by the kitchen window.  In the eight years Robles lived at the apartment, he had never seen the screen removed from the window, which would have been necessary for appellant's fingerprints to get on the window glass.  Furthermore, Robles testified that appellant had not been in the apartment for approximately two years prior to the burglary.

Appellant relies on *Mikes v. Borg* (9th Cir. 1991) 947 F.2d 353 (*Mikes*), where the court held that, "in fingerprint-only cases in which the prosecution's theory is based on the premise that the defendant handled certain objects *while committing the crime in*

*question,* the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date. [Citations.]" (*Id.* at pp. 356–357.) The victim in *Mikes* had purchased a turnstile from a hardware store prior to his murder, and the components of the turnstile were found disassembled at the crime scene. (*Id.* at p. 355.) Six of the defendant's fingerprints were found on the turnstile posts, and two of his prints were found on the post that appeared to be the murder weapon. (*Id.* at pp. 355–356.) The victim had acquired the turnstile four months before his death. (*Id.* at p. 355.) The Ninth Circuit panel found it was possible that the defendant's fingerprints were on the posts prior to the time the victim purchased it. (*Id.* at pp. 358–359.)

      *Mikes* is merely persuasive rather than binding authority. (See *People v. Figueroa, supra,* 2 Cal.App.4th 1587, 1588.) Moreover, the Ninth Circuit sitting en banc and in a three-judge panel has declined to apply *Mikes* in two cases where the only evidence consisted of the defendant's fingerprints on a glass louver pane or on a windowsill. (*Schell v. Witek* (9th Cir. 2000) 218 F.3d 1017, 1022–1023; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 909–910.) In addition, Division Five of this district declined to follow *Mikes* in *People v. Figueroa, supra,* at page 1588. All of these cases distinguished *Mikes* on the facts, and the circumstances of this case are distinguishable from those of *Mikes* as well.

      The *Mikes* court held that "the record must be sufficient to justify a reasonable factfinder's conclusion that the posts were not accessible to the defendant during the relevant period," which in *Mikes* was the period shortly before the victim acquired them. (*Mikes, supra,* 947 F.2d at p. 361.) The court stated, "The 'relevant time' is defined as the time prior to the commission of the crime during which the defendant reasonably could have placed his fingerprints on the object in question *and* during which such prints might have remained on that object. We must examine, in each case, the circumstances surrounding the custody or *location of the object*, as well as its function, the *accessibility of the object to the defendant*, and the extent to which the object was or could have been handled by others." (*Id.* at pp. 357–358, italics added.) We believe that, in this case, the

6

prosecution presented evidence (as we have set out *ante)* sufficient to permit a reasonable jury to conclude that the outside of the kitchen window on which appellant's fingerprints appeared was inaccessible to him prior to the commission of the crime during the "relevant time," which in this case would have been in excess of two years before the burglary.

Based on the foregoing, we conclude the record contains sufficient evidence identifying appellant as the perpetrator, and the determination that the fingerprints were left on the outside of the kitchen window during the commission of the burglary was not "unreasonably speculative" under the circumstances of this case. (*Mikes, supra,* 947 F.2d at p. 361.) "'[A]*ll of the evidence* is to be considered in the light most favorable to the prosecution,' [citation]; that the prosecution need not affirmatively 'rule out every hypothesis except that of guilt,' [citation]; and [] a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution,' [citation]." (*Wright v. West* (1992) 505 U.S. 277, 296.) As the jury aptly found, there is no reasonable possibility appellant left his fingerprints on the outside of the kitchen window in excess of two years earlier and that they were not left there during the burglary of the Robles's residence.

For the reasons noted above, substantial evidence also supported the trial court's revocation and termination of appellant's probation based on the evidence presented.

**DISPOSITION**

The judgment is affirmed.

NOTE TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J. *

FERNS

We concur:

_____, P. J.

BOREN

_____, J.

CHAVEZ

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.